IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PENNY FOSTER                                                 PLAINTIFF

V.                     NO. 3:03CV00380 JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                      DEFENDANT

## ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (docket entry #13). Plaintiff seeks an EAJA award for work done by her attorney at the district court level (.55 hours at an hourly rate of $147.00, and 1.9 hours at an hourly rate of $152.00), and 11.45 hours of work done by paralegal assistants at an hourly rate of $65.00, for a total fee award of $1,113.90. Additionally, she seeks reimbursement of expenses in the amount of $69.20.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A claimant who wins a sentence-four remand order, such as the one entered in this case (docket entries #11, #12), is a prevailing party entitled to EAJA fees. Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The Commissioner does not contest Plaintiff's entitlement to an award of attorney's fees and expenses under the EAJA, and she asserts that the amount requested by Plaintiff's attorney is reasonable (docket entry #15).

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). See Pierce v. Underwood, 487 U.S.

552, 571 (1988).

Attached to Plaintiff's supporting memorandum (docket entry #14) is a copy of a letter dated November 21, 2002, stating that The Bartels Law Firm (Plaintiff's counsel) and the Office of General Counsel, Region IV, Social Security Administration, have reached an agreement as to the rates for attorney work performed by Plaintiff's counsel.  The parties have agreed that, for work performed in 2003 and thereafter, an enhanced hourly rate will be calculated using the mid-year Consumer Price Index.  According to the Bureau of Labor Statistics website, www.bls.gov/cpi, the CPI-U (US City Average, All Items, Not Seasonally Adjusted) for June 2003 was 183.7 and, for June 2004, it was 189.7.  Applying these figures to the formula set forth in the parties' letter agreement,[1] the applicable hourly rate for 2003 would be $147.48 and the applicable hourly rate for 2004 would be $152.30, consistent with the $147.00 and $152.00 rates requested by counsel and unopposed by the Commissioner.  Under these circumstances, the Court finds that Plaintiff's counsel is entitled to the requested hourly rates for work performed in this case.

No objection is made to the number of hours requested or to the amount of expenses, and the Court finds them to have been reasonably expended in representation of Plaintiff.

Therefore, the total number of requested attorney hours (.55 at $147.00 per hour, and 1.9 at $152.00 per hour) and the total number of requested paralegal hours (11.45 at $65.00) will be allowed, for a total fee award of $1,113.90.  Additionally, the Court will approve the requested expenses in the amount of $69.20.

Accordingly, it is hereby ORDERED

(1) That Plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (docket entry #13) is granted;

---

[1] $\dfrac{\text{June CPI-U}}{155.7} \times \$125 = \text{current hourly rate}$

(2)     That Plaintiff's attorney is entitled to an attorney's fee in the amount of $1,113.90, together with expenses of $69.20, for a total of $1,183.10, all pursuant to the EAJA; and

(3)     That the Commissioner is directed to certify and pay to Anthony Bartels, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 28th day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE